IN THE

# United States Court of Appeals

**FOR THE TENTH CIRCUIT**



TINA PETERS,

*Petitioner-Appellant,*

—v.—

MOSES "ANDRE" STANCIL in his official capacity as the Executive Director of the Colorado Department of Corrections, and PHILIP J. WEISER, in his official capacity as Attorney General of the State of Colorado,

*Respondents-Appellees.*

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
HONORABLE SCOTT T. VARHOLAK
D.C. NO. 1:25-cv-00425-STV

## CORRECTED OPENING BRIEF OF PETITIONER-APPELLANT

PATRICK M. MCSWEENEY, ESQ.
3358 John Tree Hill Road
Powhatan, Virginia 23139
(804) 937-0895
pmcsweeney.esq@gmail.com

ROBERT CYNKAR, ESQ.
MCSWEENEY, CYNKAR
& KACHOUROFF, PLLC
3126 Elmendorf Drive
Oakton, Virginia 22214
(703) 621-3300
rcynkar@mck-lawyers.com

PETER TICKTIN, ESQ.
THE TICKTIN LAW GROUP
270 SW Natura Avenue
Deerfield Beach, Florida 33441
(561) 232-2222
Serv512@LegalBrains.com

*Attorneys for Petitioner-Appellant*

March 4, 2026

**ORAL ARGUMENT NOT REQUESTED**

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ............................................................................. iii

STATEMENT OF RELATED CASES ............................................................ 1

JURISDICTIONAL STATEMENT ................................................................ 1

STATEMENT OF ISSUES ............................................................................. 1

STATEMENT OF THE CASE

   I.  Factual Background

          A. Mrs. Peters' "Dangerous" Speech ........................................... 3

          B. The Trial Judge Denies Mrs. Peters Bond Pending Appeal. ... 6

   II.    Procedural Background .................................................................... 8

STANDARD OF REVIEW ............................................................................. 10

SUMMARY OF ARGUMENT ....................................................................... 10

ARGUMENT

   I.    *Younger* Abstention Is Not Appropriate in This Case ...................... 12

          A. Abstention Is Inappropriate Because Proceedings on the
             Merits of a Criminal Appeal Are Separate and Distinct
             From Proceedings on Bail Pending Appeal ........................... 13

          B. The District Court's Decision Would Preclude Habeas
             Relief for the Unconstitutional Denial of Bail Pending
             Appeal, Contrary to Well-Established Law ............................ 17

II.    *Younger* Abstention Is Not Appropriate in Light of the Irreparable Injury Inflicted by the Continuing Violation of Mrs. Peters' First Amendment Rights Caused by Her Incarceration Pending Appeal. . 20

III.   This Court Should Promptly Issue a Writ of Habeas Corpus Ordering the Release of Mrs. Peters on Bond Pending Her Appeal. 23

CONCLUSION ................................................................. 26

STATEMENT REGARDING ORAL ARGUMENT ........................................ 27

CERTIFICATE OF COMPLIANCE ............................................... 28

CERTIFICATE OF DIGITAL SUBMISSION ................................. 29

CERTIFICATE OF SERVICE ......................................... 30

ADDENDUM

    Order Dismissing Application for Writ of Habeas Corpus,
        dated December 8, 2025 ...................................... ADD-1

    Final Judgment,
        dated December 9, 2025 ...................................... ADD-13

    Notice of Appeal,
        dated December 31, 2025 .................................... ADD-14

    10th Circuit Order for Certificate of Appealability,
        dated January 12, 2026 ...................................... ADD-16

    District Court Order Denying Certificate of Appealability,
        dated January 16, 2026 ...................................... ADD-18

    10th Circuit Order of Abatement,
        dated January 20, 2026 ...................................... ADD-20

# TABLE OF AUTHORITIES

**Cases**

*Abrego Garcia v. Noem,*
  2025 WL 11351112 (4th Cir. April 17, 2025)................................................26

*ACORN v. Municipality of Golden,*
  744 F.2d 739 (10th Cir. 1984)..........................................................24

*AJP Educational Found., Inc. v. Miyares,*
  806 F.Supp.3d 603, 2025 WL 2950186 (E.D.Va. Oct.17, 2025)...................21

*Arevalo v. Hennessey,*
  882 F.3d 763 (9th Cir. 2018).................................................... 16, 18

*Armengau v. Bradley*,
  2018 WL 4008371 (6th Cir. Mar. 22, 2018) ...............................................17

*Atkins v. Michigan,*
  644 F.2d 543 (6th Cir. 1981)..........................................................18

*Braden v. 30th Judicial Circuit Court of Ky,*
  410 U.S. 484 (1973)............................................................ 18, 23

*Brandenburg v. Ohio,*
  395 U.S. 444 (1969)..................................................................25

*Brown v. Wilmot*,
  572 F.2d 404 (2d Cir. 1978) ..........................................................17

*Colorado River Water Conservation Dist. v. United States,*
  424 U.S. 800 (1976)..................................................................15

*Counterman v. Colorado,*
    600 U.S. 66 (2023)......................................................................25

*Courthouse News v. New Mexico Admin. Office of the Courts,*
    53 F.4th 1245 (10th Cir. 2022)............................................. 10, 13

*Curling v. Raffensperger*,
    493 F.Supp.3d 1264 (N. D. Ga. 2020)...........................................5

*D.L. v. Unified School Dist. No. 497,*
    392 F.3d 1223 (10th Cir. 2004)............................................. 13, 16

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*,
    472 U.S. 749 (1985)....................................................................22

*Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC,*
    953 F.3d 660 (10th Cir. 2020).............................................. 12, 15

*Elrod v. Burns,*
    427 U.S. 347 (1976)....................................................................22

*Ex parte Young,*
    209 U.S. 123 (1908)....................................................................20

*Fay v. Noia,*
    372 U.S. 391 (1963)....................................................................23

*Fenner v. Boykin,*
    272 U.S. 240 (1926)....................................................................20

*Fundamentalist Church of Jesus Christ of Latter Day Saints v. Wisan,*
    772 F.Supp.3d 1217 (D. Utah 2011)............................................23

*Gilbertson v. Albright,*
    381 F.3d 965 (9th Cir. 2004)......................................................13

*Graff v. Aberdeen Enterprises, II, Inc.,*
   65 F.4th 500 (10th Cir. 2024).........................................................................12

*Green v. City of Tucson,*
   255 F.3d 1086 (9th Cir. 2001)........................................................................15

*Hilton v. Braunskill,*
   481 U.S. 770, 777 (1987) ...............................................................................22

*Johnson v. Rogers,*
   917 F.2d 1283 (10th Cir. 1990)............................................................... 24, 26

*Joseph A. ex rel. Corrine Wolfe v. Ingram,*
   275 F.3d 1253 (10th Cir 2002) ......................................................................24

*Khalid v. President,*
   164 F.4th 259 (3d Cir. 2026)..........................................................................22

*Leary v. United States,*
   431 F.2d 85 (5th Cir. 1970)...................................................................... 17, 25

*McClellan v. Carland,*
    217 U.S. 268 (1910).....................................................................................15

*Morrow v. Winslow,*
   94 F.3d 1386 (10th Cir.1996).........................................................................24

*NAACP v. Claiborne Hardware Co.,*
   458 U.S. 886 (1982)............................................................................... 23, 25

*Nat'l Inst. for Family and Life Advocates v. James,*
   746 F.Supp.3d 100 (W.D.N.Y.2024)...............................................................22

*Ohio Bur. of Employment Servs.,*
   431 U.S. 471 (1977)........................................................................................24

*Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc.,*
477 U.S. 619 (1986)......................................................................20

*Preiser v. Rodriguez,*
411 U.S. 475 (1973)......................................................................23

*Pryor v. School Dist. No. 1,*
99 F.4th 1243 (10th Cir. 2024)....................................................22

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund,*
754 F.3d 754 (9th Cir. 2014)........................................................13

*Roman Catholic Diocese of Brooklyn v. Cuomo,*
592 U.S. 14 (2020)................................................................ 21, 22

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
549 U.S. 422 (2007)......................................................................24

*Smith v. Kansas,*
356 F.2d 654 (10th Cir. 1966)............................................... 25, 26

*Sprint Communications, Inc. v. Jacobs,*
571 U.S. 69 (2013)........................................................................15

*Stack v. Boyle,*
342 U.S. 1 (1951)..........................................................................18

*U.S. ex rel. Means v. Solem,*
440 F. Supp. 544 (D.S.D. 1977) ........................................... 17, 25

*U. S. ex rel. Walker v. Twomey*,
484 F.2d 874 (7th Cir. 1973) .......................................................17

*United States v. Lemon,*
723 F.2d 922 (D.C. Cir. 1983) ......................................... 16, 17, 25

*Walck v. Edmondson,*
    472 F.3d 1227 (10th Cir. 2007)........................................................23

*Younger v. Harris,*
    401 U.S. 37 (1971)......... 1,2, 10, 11, 12, 13, 15, 16, 19, 20, 21, 22, 23, 24, 26

*Z.J. Gifts D-4, LLC v. City of Littleton,*
    311 F.3d 1220 (10th Cir. 2002)........................................................24

**Statutes**

28 U.S.C. §1291 ................................................................................1

28 U.S.C. §2254 ....................................................................... 1, 8, 13

52 U.S.C. §20701 ..............................................................................3

52 U.S.C. §20706 ..............................................................................3

52 U.S.C. §21081 ..............................................................................3

C.R.S. §1-1-110.................................................................................3

C.R.S. §1-5-605.5 .............................................................................3

C.R.S. §16-4-201 ....................................................................... 14, 21

C.R.S. §1-7-802 ................................................................................3

**Constitutional Provisions**

U.S. Const. amend. I ...................... 2, 8, 9, 10, 11, 12, 16, 17, 20, 21, 22, 23, 25, 26

U.S. Const. amend. VIII......................................................................18

U.S. Const. amend. XIV ............................................................ 8, 9, 18, 25

U.S. Const. art. VI, cl. 2 .....................................................................8

**Rules**

C.A.R. 51.1 ................................................................................................14

Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts ...............8

**Other Authorities**

Charlotte Jee, *How to hack an election-and what states should do to prevent fake votes*, MIT TECHNOLOGY REVIEW (Sept. 13, 2018)...................5

Elizabeth M. Bosek, *et al.,* 15 CYCLOPEDIA OF FEDERAL PROC. § 86:79, *Denial of bail as basis for habeas corpus relief* (3d ed. 2025) .....................18

GAO, *Federal Efforts to Improve Security and Reliability of Electronic Voting Systems are Under Way, but Key Activities Need to Be Completed,* GAO-05-956 (Sept. 21, 2005) ........................................................5

Stacy L. Davis, *et al.*, 16A FED. PROC., L. ED. § 41:248, *Bail pending appeal* (Nov. 2024) ................................................................18

The National Academies of Sciences, Engineering, and Medicine, SECURING THE VOTE: PROTECTING AMERICAN DEMOCRACY (2018) ......................................5

## STATEMENT OF RELATED CASES

There are no prior appeals of, or appeals related to, this case.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. §2254. Final judgment was entered on December 9, 2025. Mrs. Peters timely filed her notice of appeal in this Court on December 31, 2025. This Court has jurisdiction under 28 U.S.C. §1291.

## STATEMENT OF ISSUES

The state trial court denied Mrs. Peters bond pending appeal almost exclusively on the ground that her expression of professional concerns, as County Clerk, about the integrity of the election machines being used in Colorado constituted a public danger worse than any violent crime. JA Vol. I at 143. The Colorado Court of Appeals subsequently denied her motion for bond pending appeal without explanation. JA Vol. I at 222. The United States District Court for the District of Colorado dismissed her Application for a Writ of Habeas Corpus seeking her release on bond pending appeal on the ground that it lacked subject-matter jurisdiction under the abstention doctrine of *Younger v. Harris,* 401 U.S. 37 (1971). The district court justified abstention on the ground that the habeas relief

Mrs. Peters sought would interfere with the ongoing appeal in state court of the merits of her convictions. ADD-7-8. The issues in this case are:

1. Did the district court err by failing to treat the remedy sought in the federal habeas corpus application for the denial of the motion for bond pending appeal as separate and distinct from the remedy sought in the pending state appeal of the conviction and sentence?

2. Did the district court err by concluding that a decision in the federal habeas corpus proceeding would interfere with the pending state appeal?

3. Did the district court err in concluding that the First Amendment claim in the federal habeas corpus application did not qualify as an irreparable injury exception to the *Younger* abstention doctrine?

4. Did the district court err as a matter of law in dismissing the federal habeas corpus application based on *Younger v. Harris,* 401 U.S. 37 (1971) after failing to raise that jurisdictional issue at the outset of the federal proceedings and by failing to address the argument that the Appellees had waived the *Younger* abstention defense by waiting months before raising it, thereby defeating the purpose of the writ of habeas corpus to provide a swift and imperative remedy for violations of constitutional rights?

## STATEMENT OF THE CASE

## I.    Factual Background

### A. Mrs. Peters' "Dangerous" Speech.

As we describe below, Mrs. Peters was denied bond pending appeal because of her expression of concerns about the integrity of Colorado's computerized voting system. She expressed these concerns as a consequence of her performance of her legal duties as the elected Clerk and Recorder of Mesa County, Colorado, and the "chief election official for the county," C.R.S. §1-1-110(3), the custodian of the county's voting system, C.R.S. §1-5-605.5, and, from the perspective of federal law, an "officer of election," 52 U.S.C. §20706, charged with ensuring compliance with federal requirements governing the election of federal officers. 52 U.S.C. §21081(a).

Mrs. Peters' concern over the integrity of computerized voting systems arose from the analyses of three forensic experts she, as Mesa County Clerk, engaged to analyze forensic images of the hard drive of Mesa County's election management system ("EMS") server before and after a software "update" of those computers mandated by the Secretary of State shortly after the 2020 election. She initiated these analyses as part of her duty under federal and state law to preserve election records. *See* 52 U.S.C. §20701; C.R.S. §1-7-802. Those analyses were presented by Mrs. Peters to the Board of County Commissioners in the form of three

extensive, detailed technical reports. JA Vol. II at 292, Vol. III at 375, 519. As Ms.

Peters explained in transmitting the second report to the recipients:

> I had these images taken to preserve election records and help determine whether the county should continue to utilize the equipment from this vendor. Because the enclosed report reveals shocking vulnerabilities and defects in the current system, planning my office and other county clerks in legal jeopardy, I am forwarding this to the county attorney and to you so that the county may assess its legal position appropriately. Then, the public must know that its voting systems are fundamentally flawed, illegal, and inherently unreliable.

JA Vol. III at 374

Ms. Peters went on:

> [I]t appears that our county's voting system was illegally certified and illegally configured in such a way that "vote totals can easily be changed." We have been assured for years that external intrusions are impossible because these systems are "air gapped," contain no modems, and cannot be accessed over the internet. It turns out that these assurances were false. In fact, the Mesa County voting system alone was found to contain thirty-six (36) wireless devices, and the system was configured to allow "any computer in the world" to connect to our EMS server. For this and other reasons – for example, the experts found uncertified software that had been illegally installed on the EMS server – our system violates the federal voting System Standards that are mandated by Colorado law.

*Id.* Additionally, Ms. Peters raised these concerns in various public fora.

Mrs. Peters' efforts to have the Mesa County data examined were neither some off-the-wall foray into fringe speculation nor driven by a particularly partisan animus. Technical experts and leaders of both political parties had long expressed concern over the integrity of the computer systems used in elections. *See, e.g.,*

GAO, *Federal Efforts to Improve Security and Reliability of Electronic Voting Systems are Under Way, but Key Activities Need to Be Completed,* GAO-05-956, at 26 (Sept. 21, 2005); The National Academies of Sciences, Engineering, and Medicine, SECURING THE VOTE: PROTECTING AMERICAN DEMOCRACY, at 9 , 86-88, 91 (2018), *available at* https://nap.nationalacademies.org/catalog/25120?securing-the-vote-protecting-american-democracy; Charlotte Jee, *How to hack an election- and what states should do to prevent fake votes*, MIT TECHNOLOGY REVIEW (Sept. 13, 2018).

In 2019, U.S. Senator Amy Klobuchar (D-MN), along with several of her Democratic colleagues, observed:

> Election security experts have noted for years that our nation's election systems and infrastructure are under serious threat… researchers recently uncovered previously undisclosed vulnerabilities… these problems threaten the integrity of our elections and demonstrate the importance of election systems that are strong, durable, and not vulnerable to attack.

Letter from Sens. Amy Klobuchar (D-MN), Elizabeth Warren (D-MA), Ron Wyden (D- OR) and Rep. Mark Pocan (D-WI) to Michael McCarthy, Chairman, McCarthy Grp. (Dec. 6, 2019).

The vulnerability of electronic voting systems to hacking and manipulation has been the subject of litigation. In one of the most thorough judicial analyses of the issue, in *Curling v. Raffensperger*, U.S. District Judge Amy Totenberg received

testimony from several leading cyber experts on the vulnerabilities of computer election equipment. In her October 11, 2020, opinion, Judge Totenberg stated that

> [a] broad consensus now exists among the nation's cybersecurity experts recognizing the capacity for the unobserved injection of malware into computer systems to circumvent and access key codes and hash values to generate fraudulent codes and data.

493 F.Supp.3d 1264, 1280 (N. D. Ga. 2020). Her opinion went on to conclude that "[t]he Plaintiffs' national cybersecurity experts convincingly present evidence that this is not a question of 'might this actually happen?'---but 'when it will happen." *Id.,* at 1342.

**B. The Trial Judge Denies Mrs. Peters Bond Pending Appeal.**

Mrs. Peters was prosecuted in the Mesa County District Court on various charges related to her participation in the making of the forensic images of the County's EMS server's hard drive that were the basis of the analyses she submitted to the County Board, and for allowing the individual who made the images to attend the installation in her offices. On August 12, 2024, a jury found her guilty of attempting to influence a public servant, criminal impersonation, first-degree official misconduct, violation of duty, and failure to comply with orders of the Secretary of State. JA Vol. I at 151-52.

On October 3, 2024, Mrs. Peters was sentenced to nine years of incarceration. On the same date, the motion for bond pending her appeal was

denied by the trial judge. During the sentencing hearing, the trial judge offered the

same rationale for the sentence and the denial of bond. As he put it:

> [Y]ou are a charlatan and you cannot help but lie as easy as it is for
> you to breathe. You betrayed your oath for no one other than you.
> And this is what makes Ms. Peters such a danger to the community.
> It's the position she held that has provided her the pulpit from which
> she can preach those lies, the undermining of our democratic process,
> the undermining of the belief and confidence in our election system….
>
> So the damage that is caused and continue to be caused is just as bad,
> if not worse, than the physical violence that this court sees on an all too
> regular basis. And it's particularly damaging when those words come
> from someone who holds a position of influence like you. Every effort to
> undermine the integrity of our elections and the public's trust in our
> institutions has been made by you. You've done it from the lectern. The
> voting public provided you with everything you've done has been done to
> retain control influence.  The damage is immeasurable. And every time it
> gets refuted, every time it's shown to be false, just another tale is weaved….
>
> [P]rison is for those folks where we send people who are a danger to
> all of us, whether it is by the pen or the sword or the word of mouth.

JA Vol. I at 142-143, 144.

The trial judge did not lay out any bill of particulars of what specifically he

believed Mrs. Peters said, nor did he point to any evidence of why her unspecified

statements were "lies," much less why they were more dangerous than a violent

crime. Nor did he betray any familiarity with the fact that the integrity of election

systems had been a matter of public discussion among political leaders and

technical experts for some time. This was in one sense not surprising, as the trial

judge had excluded from Mrs. Peters' trial all evidence concerning Mrs. Peters'

reasons for having the forensic images of the EMS hard drive made and even barred any reference to her legal duties as the county's chief election officer that compelled her actions. JA Vol. III at 606, 608. The trial judge denied Mrs. Peters' motion for bond pending appeal on October 3, 2024. JA Vol. I at 155.

On November 17, 2024, Mrs. Peters filed a motion for bond pending appeal with the Colorado Court of Appeals, which was denied on December 6, 2024, in a terse, one-line order offering no explanation of the denial. JA Vol. I at 222.

## II. Procedural Background

On February 7, 2025, Mrs. Peters filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 in the United States District Court for the District of Colorado, naming the Colorado Attorney General and the Sheriff of Larimer County, Colorado, as Respondents. JA Vol. I at 13. In it, she claimed that the state courts had violated her First Amendment rights in denying the motion for bond pending appeal, her right to due process during the proceedings on the motion for bond, and her right to federal immunity from state prosecution and punishment pursuant to the Supremacy Clause. *Id.,* at 23-38. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district judge "must promptly examine [the Application]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition….” The magistrate judge to whom the Application had been assigned did not dismiss it.

On February 11, 2025, the district court ordered the Respondents to file a Pre-Answer Response. JA Vol. IV at 609. The Colorado Attorney General moved for extension of time to file the Pre-Answer Response, JA Vol. IV at 612, to which Mrs. Peters objected by pointing to the straightforward First Amendment issue presented by the Application and the fact that granting the extension would prolong Mrs. Peters' incarceration. JA Vol. IV at 616. The district court granted the extension on February 25, 2025. JA Vol. IV at 638.

The Colorado Attorney General filed a Pre-Answer Response on April 2, 2025, JA Vol. IV at 649, in which he argued that Mrs. Peters had not exhausted the remedies available in state court with respect to the three constitutional rights that she claimed in her Application were violated, namely, the First Amendment, the due process and the federal immunity claims.

The district court entered an Order to Show Cause why the entire Application should not be dismissed as a mixed petition of exhausted and unexhausted claims. JA Vol. IV at 669-670. To avoid the potential dismissal of the Application as a mixed petition and to expedite the decision on her Application, Mrs. Peters on July 25, 2025, withdrew her claims of due process and federal immunity violations, leaving only the First Amendment claim.

On December 7, 2025, the district court rejected the argument that Mrs. Peters is entitled to the irreparable injury exception to the *Younger* abstention doctrine and dismissed the Application based upon its conclusion that the *Younger* doctrine compelled abstention to allow the Colorado Court of Appeals to decide the First Amendment issue raised in Mrs. Peters' appeal of her conviction and sentencing.

A Notice of Appeal was timely filed on December 31, 2025. ADD-14. On January 12, 2026, this Court ordered a limited remand to the district court to consider whether to issue a certificate of appealability ("COA") and abated these proceedings pending the district court's response. ADD-16. The district court declined to issue a COA on January 16, 2026. ADD-18. This Court lifted the abatement of this appeal on January 20, 2026. ADD-20.

## STANDARD OF REVIEW

Review of a district court's dismissal based on its decision to abstain under *Younger v. Harris,* 401 U.S. 37 (1971) is *de novo. Courthouse News v. New Mexico Admin. Office of the Courts,* 53 F.4th 1245, 1254 (10th Cir. 2022).

## SUMMARY OF ARGUMENT

The district court's dismissal of Mrs. Peters' Application for a Writ of Habeas Corpus was based on numerous errors and should be vacated. She is entitled to the exception to the *Younger* abstention doctrine in cases of irreparable

injury that is great and immediate. The district court rejected that argument based on its erroneous view of the law, as well as glaring misapprehensions of the facts.

According to well-established precedent, abstention is inappropriate where the claim raised in the federal proceeding is based on a provision of the Bill of Rights, such as the First Amendment. It was error not to address the merits of the First Amendment claim without delay.

The proceedings in the Colorado Court of Appeals on the motion for bond pending appeal, which involved the issues raised in the Application, have been concluded. There is no parallel, ongoing state proceedings for purposes of the *Younger* doctrine.

Abstention was inappropriate because the federal habeas corpus action and the state appeal of Mrs. Peters' conviction and sentencing are legally separate and distinct. In the pending state appeal, the Colorado Court of Appeals cannot grant her the relief she requested in her Application, which is release pending the final disposition of her state appeal.

The *Younger* doctrine does not bar the federal action because it will not interfere with the state appeal. Merely because the two proceedings involve similar issues is not a justification for abstention because a decision in the federal action would not have a preclusive effect on the state appeal.

The federal habeas corpus action is intended to provide a swift, flexible, and summary determination of the claims of the applicant for a writ of habeas corpus. Although the district court was reminded of this purpose of the writ, it inexcusably prolonged the proceedings for months before finally reaching a final decision. This Court should reverse the decision below that dismissed the Application, decide that Mrs. Peters' First Amendment right has been violated by the denial of bond pending appeal by the Colorado courts, and order her immediate release from incarceration by Appellees.

## ARGUMENT

### I. *Younger* Abstention Is Not Appropriate In This Case.

*Younger* held that even when a federal court would otherwise be empowered to decide a controversy, it may be obliged to abstain when its judgment would interfere with "pending proceedings in state courts." *Id.,* at 45. "Invoking *Younger* is only appropriate when failing to abstain would disturb an ongoing state proceeding." *Graff v. Aberdeen Enterprises, II, Inc.,* 65 F.4th 500, 524 (10th Cir. 2024). The key language is "interfere with." Unless the decision of the federal court would block or impede the ongoing state proceeding, abstention would not be appropriate. *See Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC,* 953 F.3d 660, 672 (10th Cir. 2020) ("*Younger* abstention is only appropriate if 'the federal action would have the practical effect of enjoining the state proceedings.'") (quoting

*ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund,* 754 F.3d 754, 759 (9th Cir. 2014)); *Gilbertson v. Albright,* 381 F.3d 965, 978 (9th Cir. 2004). The prospect that the federal and state courts could reach different outcomes in deciding the federal issue involved by itself does not justify abstention. Only if a judgment in the federal proceeding would have preclusive effect on the state proceeding is abstention appropriate. *See D.L. v. Unified School Dist. No. 497,* 392 F.3d 1223, 1229-30 (10th Cir. 2004).

### A. Abstention Is Inappropriate Because Proceedings on the Merits of a Criminal Appeal Are Separate and Distinct From Proceedings on Bail Pending Appeal.

1. A basic touchstone for the application of *Younger* abstention is whether proceedings in a state and federal forum are actually parallel, that is, whether each could provide adequate relief to a litigant. *Courthouse News v. New Mexico Admin. Office of the Courts,* 53 F.4th 1245, 1255 (10th Cir. 2022) (Abstention is appropriate "when a state forum provides an adequate avenue for relief.").

Logically, a decision of the Colorado Court of Appeals in the appeal of Mrs. Peters' conviction and sentencing cannot provide a remedy for the unconstitutional denial of release *pending that very appeal*. The district court manifested some fundamental confusion about the relief requested in Mrs. Peters' habeas Application when it questioned "whether the instant action is properly brought under 28 U.S.C. §2254 as a challenge to the validity of Ms. Peters' conviction and

sentence." JA Vol. IV at 860. But her Application could not be clearer: "This Application for a Writ of Habeas Corpus does not concern the merits of [Mrs. Peters'] convictions but challenges the refusal of the Colorado Court of Appeals and the District Court of Mesa County to grant her bail pending appellate review of them." JA Vol. I at 14. The relief Mrs. Peters seeks in the appeal of her convictions and sentence and the relief she sought in her request for bond pending appeal could not be more distinct. One seeks reversal of her convictions and permanent release from incarceration, while the other seeks only a temporary release from custody. The district court's confusion about the claim at issue here resulted in the court citing inapposite cases in which a habeas application was challenging a conviction and sentence while a state appeal of that conviction and sentence was pending. JA Vol. I at 19-20.

Mrs. Peters exhausted all state remedies for her unconstitutional incarceration pending appeal. The Colorado Court of Appeals denied Mrs. Peters' motion for bond pending appeal on December 6, 2024. Colorado law provides only one method for challenging the denial of bond pending appeal. C.R.S. §16-4-201. Under Colorado law, there is no requirement to appeal that ruling to the Colorado Supreme Court, so that denial became the final state disposition of her effort to secure release pending appellate review of her convictions and sentence. C.A.R.

51.1. All state proceedings concerning bond pending appeal have been terminated. No state proceeding concerning that relief remains pending.

Mrs. Peters' appeal of her conviction and sentence is pending in the Colorado Court of Appeals, but, again, it is not a parallel proceeding because it, by definition, cannot provide the relief sought in her habeas Application. *Younger* abstention, therefore, was not properly applied in this case by the district court because there is no parallel, ongoing state proceeding.

2. Moreover "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Communications, Inc. v. Jacobs,* 571 U.S. 69, 72 (2013). "The pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland,* 217 U.S. 268, 282 (1910)). Y*ounger* abstention requirements are "not met simply by the prospect that the federal court decision may, through claim or issue preclusion, influence the result in state court." *Green v. City of Tucson,* 255 F.3d 1086, 1094 (9th Cir. 2001).

The district court's conclusion that the issues in the federal and state proceedings are "intricately intertwined" cannot be reconciled with the decisions in *Sprint, Colorado River Water Conservation District,* and *Green*. It also conflicts with the opinion in *Elna Stefcovic*, LLC, 953 F.3d at 672 (the federal judgment

must have the practical effect of enjoining the state proceeding) and *D.L.,* 392 F.3d at 1229 (effect of the federal judgment must be preclusive).

In the federal habeas corpus action, Mrs. Peters seeks protection of her right to release from incarceration, not her right to have her conviction and sentencing overturned. The federal habeas corpus action that was dismissed below asserted a claim that the denial by the Colorado courts of Mrs. Peters' motion for bond pending appeal violated her First Amendment right because the denial was based at least in part on her exercise of constitutionally protected speech. *United States v. Lemon*, 723 F.2d 922, 938 & n.47 (D.C. Cir. 1983). In the state appeal, which is what the State contends is the parallel state proceeding requiring *Younger* abstention, Mrs. Peters argues that the enhanced punishment imposed by the Mesa County Judge at her sentencing based on Mrs. Peters' protected speech violated her First Amendment rights. Although the First Amendment issues presented in the two proceedings are similar, a decision in the federal habeas corpus action would not interfere with the proceedings in the state appeal. *See Arevalo v. Hennessey,* 882 F.3d 763, 766 (9th Cir. 2018). The Colorado Court of Appeals remains free to decide the First Amendment issue.

**B. The District Court's Decision Would Preclude Habeas Relief for the Unconstitutional Denial of Bail Pending Appeal, Contrary to Well-Established Law.**

It is well established that, while there is no freestanding federal constitutional right to bail pending appeal, once a state has made provision for bail pending appeal, the determination of a person's bail status may not infringe on any of the panoply of rights secured by the Constitution, and the writ of habeas corpus provides relief for a victim of such unconstitutional incarceration. *See, e.g., Armengau v. Bradley*, 2018 WL 4008371, at *2 (6th Cir. Mar. 22, 2018) ("[I]f a State makes provisions for bail pending appeal, it may not deny it arbitrarily or unreasonably."); *Lemon*, 723 F.2d at 938 & n.47 ("A sentence based to any degree on activity or beliefs protected by the first amendment is constitutionally invalid. … Similar principles govern the determination of bail status."); *Brown v. Wilmot*, 572 F.2d 404, 405 (2d Cir. 1978) ("[A]ppellant could not have been arbitrarily or unreasonably denied bail consistent with his constitutional rights."); *U. S. ex rel. Walker v. Twomey*, 484 F.2d 874, 875 (7th Cir. 1973) ("[O]nce a state has made provision for bail pending appeal, the arbitrary denial of bail violates the fourteenth amendment."); *Leary v. United States*, 431 F.2d 85, 89 (5th Cir. 1970) ("If the 'danger' [considered in determining bail] includes mere 'advocacy' of the use of illegal drugs or of other law violations, [the bail determination] offends the constitutional guaranty of freedom of speech."); *U. S. ex rel. Means v. Solem*, 440

F. Supp. 544, 549–50 (D.S.D. 1977) (A bond condition "which prohibits most participation in American Indian Movement activities, unconstitutionally infringes upon [the] First Amendment freedoms of speech and association [of a person in state custody]."); Stacy L. Davis, *et al.*, 16A FED. PROC., L. ED. § 41:248, *Bail pending appeal* (Nov. 2024) ("[O]nce a state makes provisions for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably, and habeas corpus relief is available for a constitutional violation in denial of bail."); Elizabeth M. Bosek, *et al.,* 15 CYCLOPEDIA OF FEDERAL PROC. § 86:79, *Denial of bail as basis for habeas corpus relief* (3d ed. 2025) ("Habeas corpus is a proper means to secure admittance to bail, if the setting of bail is arbitrary or discriminatory in violation of constitutional requirements.").

An application for habeas relief and a criminal appeal are fundamentally different, distinct proceedings. *See Arevalo,* 882 F.3d at 766 (bail appeal distinct from underlying criminal prosecution); *Braden,* 410 U.S. at 508 (holding that a habeas petitioner had properly exhausted his speedy trial claim because it was distinct from the criminal prosecution); *see also Stack v. Boyle,* 342 U.S. 1, 12 (1951) (Jackson, J., concurring) ("[A]n order fixing bail can be reviewed without halting the main trial---its issues are entirely independent of the issues to be tried."); *Atkins v. Michigan,* 644 F.2d 543, 549 (6th Cir. 1981) ("The issue of whether the right to bail has been denied is collateral to and independent of the

merits of the case pending against the detainee."). Thus *Younger* can provide no justification for abstention from a habeas proceeding addressing bail pending appeal just because an appeal on the merits of a criminal conviction is also underway.

The implications of the district court's dismissal of Mrs. Peters' habeas Application further underscores that court's error. It is not uncommon for a claim to bail pending appeal and the merits of that appeal to involve similar issues. If, on that account, as the decision of the district court would have us believe, a federal court's scrutiny in a habeas proceeding can not be brought to bear on a claim of the unconstitutional denial of bail pending appeal, then, as a practical matter, habeas relief will never be available for the unconstitutional incarceration of a criminal defendant pending appeal. But that result is directly at odds with long-established precedent, noted above, that habeas relief *is* available to remedy such unconstitutional incarceration. And that result bizarrely metastasizes the illogic of the district court's proposition that abstention from adjudicating a claim to release *pending* appeal is necessary because that claim should be resolved in the decision of that appeal. Our law is not a creature of such Alice-in-Wonderland thinking.

## II. *Younger* Abstention Is Not Appropriate in Light of the Irreparable Injury Inflicted by the Continuing Violation of Mrs. Peters' First Amendment Rights Caused by Her Incarceration Pending Appeal.

*Younger* recognized that abstention is inappropriate when a federal plaintiff "can show that he will, if the proceeding in the state court is not enjoined, suffer irreparable damages." 401 U.S. at 43. In that regard, *Younger* simply reflected the Supreme Court's long-established precedent in *Ex parte Young,* 209 U.S. 123 (1908), holding that when absolutely necessary for the protection of federal constitutional rights, federal courts may interfere with a state criminal proceeding. 401 U.S. at 45; *see also Fenner v. Boykin,* 272 U.S. 240, 243-44 (1926). This exception to *Younger* abstention requires irreparable injury that is both great and immediate. *Ohio Civil Rights Com'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 626 (1986).

The district court profoundly erred in failing to recognize that the irreparable injury exception to the *Younger* doctrine applied in this case. The district court blithely concluded that "any First Amendment error can be corrected through the state appeal." ADD-11. But each day that Mrs. Peters remains incarcerated because the trial court was animated by the baseless calumny that her speech was a "lie" and dangerous to the community is a gross and continuing insult to First Amendment values – and Mrs. Peters' First Amendment rights – that can never be returned to her. If unconstitutionally depriving a 70-year-old woman of even one

day of her freedom because of her speech does not mark an irreparable injury, nothing can.

Once again, we see here in operation the bizarre logic by which the district court dismissed Mrs. Peters' habeas Application. How can the months of freedom pending appeal of her convictions taken from Mrs. Peters because of her exercise of her First Amendment rights and her responsibilities as County Clerk be "corrected" in any practical way by a decision on that appeal? Those days can never be returned to her. And, as noted above, the state appeal does not include the exclusive remedy for redressing an erroneous decision denying bond pending appeal. C.R.S. §16-4-201.

The district court's error was compounded by its erroneous conclusion that the decision on which Mrs. Peters relied to demonstrate her irreparable injury, *Roman Catholic Diocese of Brooklyn v. Cuomo,* 592 U.S. 14 (2020), was distinguishable because that case involved a request for injunctive relief as opposed to an exception to the *Younger* abstention doctrine. JA Vol. IV at 869. In *AJP Educational Found., Inc. v. Miyares,* 806 F.Supp.3d 603, 2025 WL 2950186 (E.D.Va. Oct. 17, 2025), abstention was ruled inappropriate in a First Amendment challenge even though a similar issue had been raised in parallel state proceedings. In another First Amendment case, abstention was rejected because the federal action did not seek to enjoin a parallel state proceeding that involved a similar

issue. *Nat'l Inst. for Family and Life Advocates v. James,* 746 F.Supp.3d 100, 115 (W.D.N.Y. 2024). The opinion quoted the same statement from *Roman Catholic Diocese* in support of its decision that Mrs. Peters relied on below. That statement was taken from *Elrod v. Burns,* 427 U.S. 347, 373 (1976) and has been quoted by countless courts. *E.g., Hilton v. Braunskill,* 481 U.S. 770, 777 (1987)("The interest of the habeas petitioner in release pending appeal [is] always substantial."); *Khalid v. President,* 164 F.4th 259, 287 (3d Cir. 2026). This Court in *Pryor v. School Dist. No. 1,* 99 F.4th 1243 (10th Cir. 2024), a 1983 action asserting a First Amendment claim, relied on the same quotation from *Elrod* that was invoked in *Roman Catholic Diocese.* It has the same effect whether relied upon in seeking an injunction or entitlement to the extraordinary circumstances exception to *Younger.*

The district court mistakenly assumed that "irreparable injury" has a different meaning depending on whether it is an issue in deciding whether an exception to the *Younger* doctrine is established or whether an injunction should be ordered. What constitutes irreparable injury in a First Amendment case is determined by the same test regardless of the nature of the litigation. The injury is immediate if, as here, it is occurring, has been occurring, and will continue to occur.  The injury is great because it involves a violation of one of our most important freedoms. "[S]peech on public issues occupies the ' "highest rung of the hierarchy of First Amendment values," ' and is entitled to special protection." *Dun*

*& Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749, 759 (1985) (quoting

*NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 913 (1982)).

### III. This Court Should Promptly Issue a Writ of Habeas Corpus Ordering the Release of Mrs. Peters on Bond Pending Her Appeal.

A writ of habeas corpus has traditionally provided a "swift, flexible, and

summary determination" of claims asserted in habeas corpus applications. *Preiser*

*v. Rodriguez,* 411 U.S 475, 495 (1973). The Supreme Court has repeatedly

acknowledged this historical purpose of the Great Writ. *E.g., Fay v. Noia,* 372 U.S.

391, 400 (1963) ("a swift and imperative remedy in all cases of illegal restraint or

confinement"); *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 490

(1973) (same).

Mrs. Peters reminded the district court of this purpose of the writ, but the

court failed to address the merits of her First Amendment claim promptly after the

Application was filed because it had clearly been exhausted in state proceedings

and because abstention does not apply to claims of violations of the Bill of Rights.

*Walck v. Edmondson,* 472 F.3d 1227, 1233 (10th Cir. 2007); *Fundamentalist*

*Church of Jesus Christ of Latter Day Saints v. Wisan,* 772 F.Supp.3d 1217, 1235

(D.Utah 2011). There was no justification for the extended briefing and hearings

on collateral matters. The district court concluded that the *Younger* abstention

doctrine is jurisdictional. ADD-6-7. This required a ruling on the applicability of

the doctrine at the outset and before ruling on any other matters. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430-31 (2007).

The district court not only failed to raise the issue of the applicability of the *Younger* abstention doctrine *sua sponte* at the outset of the habeas proceedings, it also allowed the Colorado Attorney General to have a filing extension over Mrs. Peters' objection to the State's Pre-Answer Response. The district court then declined to address Mrs. Peters' argument that the State had waived the *Younger* abstention doctrine when the State raised it months after failing to assert that defense in its Pre-Answer Response. By submitting to the jurisdiction of the district court by filing its Pre-Answer Response without asserting the *Younger* jurisdictional defense, Respondents had waived it. *See Ohio Bur. of Employment Servs.,* 431 U.S. 471, 480 (1977); *Joseph A. ex rel. Corrine Wolfe v. Ingram,* 275 F.3d 1253, 1266 (10th Cir 2002); *Morrow v. Winslow,* 94 F.3d 1386, 1390 (10th Cir.1996); *ACORN v. Municipality of Golden,* 744 F.2d 739, 742 n.2 (10th Cir. 1984); *see Z.J. Gifts D-4, LLC v. City of Littleton,* 311 F.3d 1220, 1227 n.4 (10th Cir. 2002). Both the district court and Respondents had a twofold obligation to raise the *Younger* jurisdictional issue at the outset of the proceeding: (1) whether the court had authority to entertain the action at all was necessarily the first order of business and (2) neither the court nor Respondents could ignore the requirement to assure that the federal habeas action provided Mrs. Peters a prompt remedy. *See*

*Johnson v. Rogers,* 917 F.2d 1283, 1284 (10th Cir. 1990) ("If a fourteen-month delay (absent good reason) were routinely permissible, the function of the Great Writ would be eviscerated."); *Smith v. Kansas,* 356 F.2d 654, 656 (10th Cir. 1966) ("[I]nordinate delay in the adjudication of an asserted post-conviction remedy may well work a denial of due process cognizable in the federal court.").

There is no justification for the months of delay in addressing the jurisdictional issue, as well as the First Amendment claim in the Application. The Supreme Court had made its view on the punishment of constitutionally protected speech quite clear in *Counterman v. Colorado,* 600 U.S. 66, 72-74 (2023), which reaffirmed long-standing precedent on the issue. *E.g., NAACP v. Claiborne Hardware Co.,* 458 U.S.886, 909-11 (1982); *Brandenburg v. Ohio,* 305 U.S 444, 447 (1969) (*per curiam*). Any reliance on protected speech in punishing a citizen is a violation of the First Amendment. *Lemon,* 723 F.2d at 938 (Reliance "to any degree on activity or belief protected by the first amendment" invalidates the decision.); *Leary,* 431 F.2d at 89-90 ("If the 'danger' [considered in determining bail] includes mere 'advocacy' of the use of illegal drugs or other law violations, [the bail decision] offends the constitutional guaranty of freedom of speech."); *U.S. ex rel. Means v. Solem,* 440 F.Supp. 544, 549-50 (D.S.D. 1977) (a bond condition "which prohibits most participation in American Indian Movement activities, infringes upon [the] First Amendment freedom of speech and association….").

Mrs. Peters' First Amendment claim should have been addressed promptly after her Application was filed and before the *Younger* defense was asserted by the Attorney General months later. *See Abrego Garcia v. Noem,* 2025 WL 11351112, at *2 (4th Cir. 4/17/2025) (Federal habeas corpus petition should not be "left in interminable limbo.") (citing *Johnson,* 917 F.2d at 1284 and *Smith,* 356 F.2d at 656).

## CONCLUSION

For the foregoing reasons, this Court should promptly

    a. reverse the district court's Order;

    b. grant Mrs. Peters' Application for a Writ of Habeas Corpus;

    c. order Mrs. Peters' immediate release from custody pending her appeal, continuing the $25,000 surety bond she posted in the trial court; and

    d. as bond conditions, permit Mrs. Peters to remain in her home in Grand Junction, Colorado; to attend all medical appointments; to continue her employment, including travel outside the State for business purposes; and to visit her 95-year-old mother in Virginia.

Respectfully submitted,

/s/ Robert Cynkar

| | |
|---|---|
| PETER TICKTIN, ESQ. | ROBERT CYNKAR, ESQ. |
| THE TICKTIN LAW GROUP | MCSWEENEY, CYNKAR |
| 270 SW Natura Avenue | & KACHOUROFF, PLLC |
| Deerfield Beach, Florida 33441 | 3126 Elmendorf Drive |
| (561) 232-2222 | Oakton, Virginia 22214 |
| Serv512@LegalBrains.com | (703) 621-3300 |
| | rcynkar@mck-lawyers.com |

PATRICK M. MCSWEENEY, ESQ.
3358 John Tree Hill Road
Powhatan, Virginia 23139
(804) 937-0895
*Attorneys for Petitioner-Appellant*    pmcsweeney.esq@gmail.com

## STATEMENT REGARDING ORAL ARGUMENT

There have been months of unnecessary delay in adjudicating Mrs. Peters' Application for a Writ of Habeas Corpus. Scheduling oral argument in the Court's busy docket would further delay the relief to which, we respectfully submit, Mrs. Peters is clearly entitled on the record before the Court. Therefore, unless the Court believes oral argument would be of benefit to it, we submit that there is no need for oral argument in this case. Once briefing is completed, the Court should promptly grant the writ of habeas corpus Mrs. Peters seeks and order her release on bond pending her appeal.

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 6,574 words, excluding the parts of the brief exempted by Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times Roman 14-point font.

Dated: March 6, 2026 Respectfully submitted,

*/s/ Robert Cynkar*
Robert Cynkar

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Webroot Endpoint Protection v.9.0.31.86, March 6, 2026, and according to the program are free of viruses.

/s/ *Robert Cynkar*_____
Robert Cynkar

# CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026 I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to the following:

PHILIP J. WEISER
Attorney General
LISA K. MICHAELS
Senior Assistant Attorney General
Criminal Appeals Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, Colorado 80203
(720) 508-6000
lisa.michaels@coag.gov
*Attorneys for Respondents-Appellee*

Dated: March 4, 2026

/s/ *Robert Cynkar*_____
Robert Cynkar
MCSWEENEY, CYNKAR
& KACHOUROFF, PLLC
3126 Elmendorf Drive
Oakton, Virginia 22214
(703) 621-3300
rcynkar@mck-lawyers.com

*Attorneys for Petitioner-Appellant*

# ADDENDUM

# TABLE OF CONTENTS

PAGE

Order Dismissing Application for Writ of Habeas Corpus,
    dated December 8, 2025 ................................................................... ADD-1

Final Judgement,
    dated December 9, 2025 ................................................................... ADD-13

Notice of Appeal,
    dated December 31, 2025 ................................................................. ADD-14

10th Circuit Order for Certificate of Appealability,
    dated January12, 2026 ..................................................................... ADD-16

District Court Order Denying Certificate of Appealability,
    dated January 16, 2026 .................................................................... ADD-18

10th Circuit Order of Abatement,
    dated January 20, 2026 .................................................................... ADD-20

ADD-1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

      Petitioner,

v.

JOHN FEYEN; and
PHILIP J. WEISER,

      Respondents.

---

**ORDER DISMISSING APPLICATION FOR WRIT OF HABEAS CORPUS**

---

      This matter comes before the Court pursuant to the Order of Reference [#64], entered on August 20, 2025, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge [#63]. Petitioner Tina Peters is in the custody of the Colorado Department of Corrections at the La Vista Correctional Facility in Pueblo, Colorado. [#87 at ¶ 2] On February 7, 2025, Ms. Peters commenced this action through counsel by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254[1]. [#1] The Court has carefully reviewed the filings to date, oral argument (held on

---

[1] It is unclear whether the instant action is properly brought under 28 U.S.C. § 2254 as a challenge to the validity of Ms. Peters' conviction and sentence or pursuant to 28 U.S.C. § 2241 as an attack on the execution of her sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Indeed, another judge on this Court analyzed a claim challenging bail pursuant to Section 2241. *See Hoover v. Golder*, No. 05-cv-00419-MSK-PAC, 2006 WL 1083601, at *2-3 (D. Colo. April 24, 2006) (analyzing a habeas corpus case alleging excessive bail in violation of the Eighth and Fourteenth Amendments under Section 2241 and not under Section 2254). Ultimately, the Court need not resolve that issue to adjudicate the instant action.

## ADD-2

April 22, July 22, and October 16), and the applicable case law.  For the following reasons, the Court **DISMISSES WITHOUT PREJUDICE** Ms. Peters' Application and this action.

## I.    BACKGROUND

A Colorado jury found Ms. Peters, the former Clerk and Recorder of Mesa County, Colorado, guilty of attempting to influence a public servant, criminal impersonation, first-degree official misconduct, violation of duty, and failure to comply with requirements of the Colorado Secretary of State in Mesa County District Court case number 2022CR371. [#2 at 113-14[2]]  On October 3, 2024, the trial court sentenced Ms. Peters to a lengthy prison sentence.[3]

At the sentencing hearing, the trial court discussed the reasons for sentencing Ms. Peters to a prison term.  [*Id.* at 102-05]  The trial court stated that while Ms. Peters' age

___

[2] For consistency and clarity, the Court refers to the actual page number of the .pdf document uploaded to the Electronic Court Filing system, rather than to the numbering printed on each page.

[3] The exact length of the sentence is unclear to the Court.  At sentencing, the trial court initially stated that it sentenced Ms. Peters to "eight and a half years total plus the six months for a total of nine years incarceration."  [*Id.* at 108]  By that point in the sentencing, however, the trial court had sentenced Ms. Peters to three and a half years imprisonment on counts 1 and 4 (concurrent to each other), three and a half years imprisonment on count 2 (consecutive to the sentence on counts 1 and 4) six months on counts 9 and 10 (apparently concurrent with each other but consecutive to the sentences on counts 1, 2, and 4), and 120 days on count 9 (concurrent to the counts on 9 and 10).  [*Id.* at 107]  That sentence thus totaled seven years plus six months on the misdemeanors for a total of seven and a half years.  It was then brought to the trial court's attention that it had not sentenced Ms. Peters on count six and the trial court then sentenced Ms. Peters to fifteen months on count six, consecutive to the other counts.  [*Id.* at 108]  After correcting the sentence on count 6, the trial court again reiterated that it had sentenced Ms. Peters to "eight and a half years total plus the six months for a total of nine years of incarceration." [*Id.*]  But when the 15 months is added to the seven years, that only results in eight years and three months incarceration, plus six months on the misdemeanors.  And is not clear to the Court from the judgment that the sentence imposed was eight and one half years on the felonies plus six months on the misdemeanors, as opposed to eight years and three months incarceration on the felonies plus six months on the misdemeanors.  [*Id.* at 113-14]

## ADD-3

and limited criminal history were mitigating factors, it rejected her assertions of honesty and pointed to her "lies," defiance, abuse of her position, and her belief that she was "above the law" as a basis for the imposition of the prison sentence.  [*Id*.]  The trial court also weighed these considerations against Ms. Peters' "corrupt conduct" and "undermining of our democratic processes" that resulted in personal gain and attention, concluding that she "betrayed [her] oath for no one other than [her].  And this is what makes Ms. Peters such a danger to our community."  [*Id*. at 103-04]  The trial court then orally denied a stay of execution of the sentence as "wholly unwarranted" for these same reasons and stated that although "[a]ll cases have a possibility of reversal on appeal[,]" the rulings were made "after much consideration, [and] incredible amounts of internal debate."  [*Id*. at 105]  Ms. Peters' counsel then orally moved for bond pending appeal, which the trial court denied on the record.  [*Id*. at 109]

Following the sentencing hearing, Ms. Peters filed a written Motion for Bond Pending Appeal in the trial court.  [*Id*. at 118-122]  In support of her Motion, Ms. Peters argued that: (1) her appeal has merit due to numerous errors committed by the trial court; (2) she is unlikely to flee and does not pose a danger to the community; and (3) the factors set forth in Colo. Rev. Stat. §16-4-202 weigh in favor of her release on bond.  [*Id*.]  The trial court issued a written order denying Ms. Peters' Motion for Bond Pending Appeal "[f]or the reasons stated during [the sentencing hearing], and for the additional reasons stated in the [prosecution's] response" which addressed the factors set forth in the appeal bond statute, Colo. Rev. Stat § 16-4-202.  [*Id*. at 117; *see also id*. at 124-28]  In particular, the prosecution's response to Ms. Peters' Motion for Bond asserted that: (1) Ms. Peters is a flight risk based on her "prior travel history, often with the assistance of others along

## ADD-4

with her disregard for court orders"; (2) Ms. Peters has a poor likelihood of success on appeal "as any error is likely to be harmless beyond a reasonable doubt"; and (3) because Ms. Peters "has not denied committing any of the acts, and has simply sought to justify her actions based upon defenses not recognized by Colorado."  [*Id*. at 127-28]

After the trial court's ruling, Ms. Peters filed a Notice of Appeal and a Motion for Bond Pending Appeal in the Colorado Court of Appeals ("CCA").  [*Id*. at 170-83, 185-221] In the Motion for Bond Pending Appeal, Ms. Peters argued that the trial court erred in finding Ms. Peters' "statements made her a danger to the community."  [*Id*. at 200]  Ms. Peters further contended that the trial court "abused its discretion" when it determined that Ms. Peters "lied about the risk of computer manipulation in elections conducted by Mesa County, that this lie was somehow dangerous, and that [Ms. Peters] posed a danger to the community because she was likely to continue expressing that view."  [*Id*. at 202 (internal quotations omitted)]  Finally, Ms. Peters argued she was not a flight risk and that her appeal was not frivolous.  [*Id*. at 208-18] On December 6, 2024, the CCA denied the Motion for Bond Pending Appeal.  [*Id*. at 184]  Ms. Peters' direct appeal of her judgment of convictions is currently pending in the CCA.  [#66 at 4 n.1]  Indeed, according to Respondents, Ms. Peters' direct appeal has been fully briefed and is awaiting oral argument.  [*Id*.]

In the pending 28 U.S.C. § 2254 Application, Ms. Peters does not challenge the judgment of convictions.  [#1]  Rather, she "challenges the refusal of the Colorado Court of Appeals and the District Court of Mesa County to grant her bail pending appellate review of [her convictions]."  [#1 at 2]  The Application initially asserted the following three claims for relief:

## ADD-5

(1)     a First Amendment violation [*id.* at 11-17];

(2)     a due process violation based on the trial court's: (a) failure to "consider the federal election-records preservation statutes;" (b) allow the introduction of evidence of a "security breach;" and (c) failure to conduct a hearing into whether a juror was biased against Ms. Peters [*id.* at 17-21]; and

(3)     the denial of Ms. Peters' right to "immunity from state prosecution" under the Supremacy Clause and the Privileges and Immunities Clause of the Fourteenth Amendment [*id.* at 21-26].

As relief, Ms. Peters requests immediate release from custody on bond.  [*Id.* at 26]

On February 11, 2025, the Court directed Respondents to file a pre-answer response addressing the potential applicability of the affirmative defenses of timeliness and exhaustion of state court remedies.  [#5]  Respondents filed a pre-answer response, contending that Ms. Peters' claims were improperly exhausted in state court.  [#25]  Ms. Peters filed a reply, arguing for the rejection of the exhaustion defense and seeking to have Respondents answer the merits of her petition.  [#34]

On May 5, 2025, the Court issued an Order to Show Cause as to why the Application should not be dismissed as a mixed petition.  [#47]  On June 4, 2025, Ms. Peters filed her response to the Order to Show Cause.  [#50]  After reviewing the pertinent filings, on July 22, 2025, the Court held a hearing on the issues of exhaustion of state remedies and *Younger* abstention.  [## 58, 60]  At that hearing, counsel for Ms. Peters indicated her intention to only proceed with Claim 1, the First Amendment claim, and to dismiss the remaining claims.  [#60 at 9-12, 34, 38]  And on July 25, 2025, Ms. Peters, through her counsel, filed a Notice of Partial Dismissal of Claims, which dismissed Claims 2 and 3 in her Section 2254 Application and affirmed that "the sole remaining claim made in Ms. Peters' Application for a Writ of Habeas Corpus is Claim 1 . . . seeking her release on bond pending her appeal due to the violation of her First Amendment rights."  [#59]

## ADD-6

Subsequently, in response to Court orders, the parties submitted supplemental briefing on *Younger* abstention [## 62, 65, 66] and the merits of Ms. Peters' sole remaining claim [## 72, 82]. An amicus brief has also been filed and accepted by this Court. [#68-1]

## II.    ANALYSIS

Ms. Peters' claim, as set forth in the Section 2254 Application, asserts that the denial of her Motion for Bond Pending Appeal violated her First Amendment right to free speech. [#1 at 11-17] Respondents contend that the doctrine of *Younger* abstention precludes this Court's review of Ms. Peters' sole remaining claim. [#62 at 3-6] Ms. Peters disagrees, arguing that Respondents "waived any claim to *Younger* abstention" [#65 at 17-18] and that *Younger* is inapplicable to this case [*id.* at 18-20]. The Court—bound to follow Supreme Court and Tenth Circuit precedent—agrees with Respondents that it must abstain from hearing Ms. Peters' claim.

Under the *Younger* abstention doctrine, federal courts are prohibited from interfering with ongoing state criminal proceedings absent extraordinary or special circumstances. *Younger v. Harris*, 401 U.S. 37, 43 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate under *Younger* if three conditions exist: "(1) an ongoing state judicial . . . proceeding, (2) the presence of an important state interest, and (3) an adequate opportunity to raise federal claims in the state proceeding." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (quotation omitted). "*Younger* abstention is jurisdictional" and thus must be addressed "at the outset." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228-29 (10th Cir. 2004). Indeed, because *Younger* is jurisdictional, the Tenth Circuit

## ADD-7

has made clear that "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

Because *Younger* is jurisdictional and non-discretionary, the Court rejects Ms. Peters' argument that Respondents waived their opportunity to raise *Younger* abstention. A Court "may raise the issue of abstention *sua sponte*." *D.A. Osguthorpe Family Partnership v. ASC Utah, Inc.*, 705 F.3d 1223, 1231 (10th Cir. 2013). Indeed, because *Younger* is jurisdictional, "[w]hen all of the elements mandating abstention clearly exist in the record, courts may, *and should*, address application of the *Younger* abstention doctrine sua sponte." *Nationwide Mut. Ins. Co. v. C.R. Gurule, Inc.*, 148 F. Supp. 3d 1206, 1216 (D.N.M. 2015) (emphasis added). Here, consistent with these principles, the Court noted potential jurisdictional defects and ordered the parties to address jurisdictional issues, including the *Younger* abstention doctrine. [#60 at 33-35] And consistent with that Order, Ms. Peters filed a response that addressed *Younger* and she has thus had an opportunity to be heard on the issue. [#65 at 17-20]

The Court thus turns to the question of whether *Younger* applies. As to the first *Younger* condition, the Court finds that there are ongoing state criminal proceedings against Ms. Peters. Indeed, It is undisputed that her direct appeal is pending before the CCA. [#66 at 4 n.1] And courts have held that ongoing criminal appeals invoke the first *Younger* condition. *Cross v. Quick*, No. CIV-25-569-D, 2025 WL 1762983, at *2 (W.D. Okla. May 20, 2025) (holding that the first *Younger* requirement was satisfied when a direct appeal was pending); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1511 (D. Kan. 1996) ("For purposes of the first [Younger] requirement, a state prosecution is considered to be

ADD-8

pending if as of the filing of the federal complaint not all state appellate remedies have been exhausted.").

In response, Ms. Peters argues that "the habeas relief sought by Mrs. Peters will not interfere with any ongoing state prosecution." [#65 at 19]  In support, Ms. Peters cites to footnote 9 of the Supreme Court's decision in *Gerstein v. Pugh*. [#65 at 19 (citing *Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975)]  But there, the Supreme Court held that *Younger* did not apply because the issue raised "could not be raised in defense of the criminal prosecution" and any resultant order from the federal civil case "could not prejudice the conduct of the [criminal] trial on the merits." 420 U.S. at 108 n.9.  Here, by contrast, Ms. Peters could, and did, raise the issue of her bond pending appeal and whether the denial of such bond violated her First Amendment rights.  Moreover, that issue is intricately intertwined with her current appeal that argues that the district court improperly increased her sentence based upon the same statements the trial court relied upon to deny Ms. Peters bond.  [#66-1 at 30-31 (arguing that "the trial court incarcerated Peters for speech that produced no threat of violence or lawless action, in violation of her rights under the First . . . Amendment[].")]  Thus, any ruling by this Court on that issue will necessarily impact the ongoing criminal proceedings.

As to the second *Younger* condition, the Court concludes that there exists the presence of an important state interest.  The Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing

## ADD-9

*Younger*, 401 U.S. at 44-45).  And Ms. Peters has not argued that this second requirement has not been satisfied.[4]  [#65 at 21-22]

Under the third *Younger* condition, Ms. Peters had the opportunity to raise her claim during the state criminal proceedings.  Indeed, the record reflects that she did move both the trial court and the CCA for bond pending appeal.  [#102 at 118-22; 185-221]  And courts have held that such an opportunity satisfies the third *Younger* requirement.  *Spade v. Sharp*, No. 1:24-cv-0866-TMC, 2024 WL 1672304, at *2 (D.S.C. April 18, 2024) (finding that the fact that petitioner "can pursue—and has pursued—his request for bond in state court" afforded an adequate opportunity to present a federal constitutional challenge, satisfying the third *Younger* condition); *see also Brown v. Leeke*, 460 F. Supp. 947, 948 (D.S.C. 1978) (finding *Younger* applies and that the federal court "will not interfere with the state court's determination of the amount of bail required to ensure the defendant's presence while his appeal is pending"), *dismissed*, 601 F.2d 579 (4th Cir. 1979).  Indeed, Ms. Peters has not cited a single case where *Younger* was raised with respect to an appeal bond in an ongoing criminal proceeding and the federal court found *Younger* inapplicable.

Thus, all three requirements for *Younger* are met.  "When *Younger*'s three requirements are met, abstention is mandatory unless one of three exceptions applies: the prosecution was (1) commenced in bad faith or to harass, (b) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary

---

[4] Ms. Peters' brief focuses upon slightly different *Younger* criteria than those used by the Tenth Circuit.  [#65 at 18-20]  This Court, sitting as it is in the Tenth Circuit, is bound by Tenth Circuit jurisprudence.  *United States v. Young*, 729 F. Supp. 3d 1198, 1200 n.1 (D.N.M. 2024) (noting that courts in the Tenth Circuit are "bound by precedent from the Tenth Circuit").

## ADD-10

circumstances creating a threat of irreparable injury both great and immediate." *Winn v. Cook*, 945 F.3d 1253, 1258-59 (10th Cir. 2019) (quotation omitted). Ms. Peters does not argue that one of these three exceptions applies, let alone establish grounds for such rarely invoked exceptions. [#65 at 17-22] She spends one paragraph arguing that she will suffer irreparable injury if relief is not granted, but she does so in the context of analyzing the third *Younger* factor. [#65 at 20] And in doing so, she argues that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." [*Id.* (quoting *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020)] But *Roman Catholic Diocese of Brooklyn* dealt with injunctive relief from a COVID-era restriction impacting the right to worship, not an analysis of *Younger* or its extraordinary circumstances exception. 592 U.S. at 15-16. And, in any event, at no point does Ms. Peters argue that this Court should find an exception to *Younger*, as opposed to arguing that the three *Younger* requirements were not satisfied.

Moreover, to the extent Ms. Peters' brief could be seen as arguing the extraordinary circumstances exception to *Younger*, she has failed to satisfy her burden of establishing such an exception. *Hicks v. Miranda*, 422 U.S. 332, 350 (1975) ("Unless we are to trivialize the principles of Younger v. Harris, the federal complaint should have been dismissed on the appellants' motion absent satisfactory proof of those extraordinary circumstances calling into play one of the limited exceptions to the rule of Younger v. Harris and related cases."). Under *Younger*, irreparable injury must be "both great and immediate," and exists only when the threat to federally protected rights "cannot be eliminated by . . . . defense against a single prosecution." *Phelps*, 122 F.3d

**ADD-11**

at 889 (quoting *Younger*, 401 U.S. at 46). Courts have "consistently refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending state proceeding or on appeal." *Winn*, 945 F.3d at 1259. And because Ms. Peters' appeal remains pending in state court, where she argues that the trial court violated her First Amendment rights by punishing her based upon her speech, any First Amendment error can be corrected through the state appeal.

Without question, Ms. Peters raises important constitutional questions concerning whether the trial court improperly punished her more severely because of her protected First Amendment speech. But because this question remains pending before Colorado courts, this Court must abstain from answering that question until after the Colorado courts have decided the issue. Accordingly, based upon the *Younger* abstention doctrine, her Application must be DISMISSED WITHOUT PREJUDICE. *Goings v. Sumner Cty. Dist. Attorney's Office*, 571 F. App'x 634, 639 (10th Cir. 2014) ("Under our precedent, *Younger*-abstention dismissals have been treated as roughly akin to jurisdictional dismissals and, accordingly, have been considered to be without prejudice." (emphasis omitted)).

## III.    CONCLUSION

For the foregoing reasons, it is **ORDERED**:

(1) that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#1] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971);

## ADD-12

(2) that Petitioner's Emergency Motion for Court to Issue Expidited (sic) Opinion And Order on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#89] and Amended Emergency Motion for Court to Issue Expedited Opinion on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#91] are **DENIED AS MOOT**; and

(3) that Plaintiff's Motion to File Exhibit Under Seal [#90] is **GRANTED** for good cause shown and that the Clerk of Court is instructed to maintain Document 90-1 at a restricted level 1.

DATED: December 8, 2025                    BY THE COURT:

                                           s/Scott T. Varholak
                                           Chief United States Magistrate Judge

ADD-13

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-00425-STV

TINA M. PETERS,

     Applicant,

v.

JOHN FEYEN; and
PHILIP J. WEISER,

     Respondents.

---

**FINAL JUDGMENT**

---

     In accordance with the orders filed during the pendency of this case, and

pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

     Pursuant to the Order (ECF No. 92) by Magistrate Judge Scott T. Varholak

entered on December 8, 2025, it is

     ORDERED that that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 [#1] is DISMISSED WITHOUT PREJUDICE.

     It is further ORDERED that this case is CLOSED.

     Dated this 9th day of December, 2025.

                    FOR THE COURT:
                    JEFFREY P. COLWELL

                    By: s/S. Price
                       S. Price, Deputy Clerk

ADD-14

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **TINA M. PETERS,**<br>**Petitioner / Applicant**<br><br>v.<br><br>**MOSES "ANDRE" STANCIL," in his**<br>**official capacity as the Executive Director**<br>**of the Colorado Department of**<br>**Corrections, and PHILIP J. WEISER, in**<br>**his official capacity as Attorney General**<br>**of the State of Colorado,**<br><br>**Respondents** | **Civil Action No.**<br>**1:25-cv-00425 (STV)**<br><br><br>Assigned to District Court<br>Judge Scott T Varholak |

## NOTICE OF APPEAL

Notice is hereby given that Applicant Tina M. Peters appeals to the United States Court of Appeals for the Tenth Circuit from the Court's December 8, 2025 Order dismissing the Application for Writ of Habeas Corpus (ECF 92) and entering final judgment (ECF 93) in this case.

December 31, 2025                    Respectfully submitted,

                                        _/s/ Robert J. Cynkar_

ADD-15

Patrick M. McSweeney
**MCSWEENEY, CYNKAR & KACHOUROFF,
PLLC**
3358 John Tree Hill Road
Powhatan, VA 23139
(804) 937-0895
patrick@mck-lawyers.com

John Case, Atty reg. # 2431
**JOHN CASE, P.C.**
6901 South Pierce St. #340
Littleton CO 80128
(303) 667-7407
brief@johncaselaw.com

Robert J. Cynkar
**MCSWEENEY, CYNKAR & KACHOUROFF,
PLLC**
3126 Elmendorf Drive
Oakton, VA 22124
(703) 621-3300
rcynkar@mck-lawyers.com

Peter Ticktin, Esquire
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, FL 33441
(561) 232-2222
pt@LegalBrains.com

*Counsel for Applicant Tina Peters*

## CERTIFICATE OF SERVICE

I hereby certify that on December 31, 2025, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will cause

an electronic copy of the same to be served on opposing counsel via the email

addresses that opposing counsel has registered with the CM/ECF system.

/s/ *Robert J. Cynkar*

ADD-16

FILED
United States Court of Appeals
Tenth Circuit

January 12, 2026

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

———————————————

TINA PETERS,

    Petitioner - Appellant,

v.

MOSES ANDRE STANCIl, et al.,

    Respondents - Appellees.

No. 26-1000
(D.C. No. 1:25-CV-00425-STV)
(D. Colo.)

———————————————

## ORDER

———————————————

Before **BACHARACH** and **PHILLIPS**, Circuit Judges.

———————————————

This matter is before the court following the opening of this appeal and review of the district court's docket. Appellant Tina Peters—a Colorado state prisoner—seeks to appeal the district court's dismissal of her application for writ of habeas corpus. Regardless whether the application is a challenge under 28 U.S.C. § 2254 to the validity of Ms. Peters' conviction and sentence or an attack pursuant to 28 U.S.C. § 2241 on the execution of her sentence, Ms. Peters must first obtain a certificate of appealability (COA) to proceed on appeal. *See* 28 U.S.C. § 2253(c)(1); *Morello v. Utah Bd. of Pardons*, 194 F. App'x 505, 505 n.1 (10th Cir 2006). The district court did not address whether a COA should issue.

In light of this court's decision in *United States v. Higley*, No. 17-1111 (10th Cir. Sep. 29, 2017) (unpublished) (stating that the district court must ordinarily decide, in the

first instance, whether to issue a COA), the court directs a limited remand to the district court to consider whether to issue a COA for this appeal. The court directs the Clerk of the district court to supplement the preliminary record when the district court issues its decision regarding COA.

Pending the district court's decision regarding COA, this court abates this proceeding.

Entered for the Court


Per Curiam

**ADD-18**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00425-STV

TINA M. PETERS,

      Petitioner,

v.

JOHN FEYEN; and
PHILIP J. WEISER,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on an order issued by the United States Court of Appeals for the Tenth Circuit. (ECF No. 98). The Tenth Circuit ordered a limited remand for this Court to consider whether a certificate of appealability (COA) should issue in connection with Petitioner's appeal from the dismissal of her application for writ of habeas corpus. The Court concludes that a COA should not issue.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)(A). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a

ADD-19

habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Court finds that jurists of reason would not find it debatable that the underlying petition states a valid claim of the denial of a constitutional right, nor would jurists of reason find it debatable whether the Court's procedural ruling was correct. As such, the Court declines to issue a COA.

Accordingly, it is

ORDERED that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) will not issue. It is

FURTHER ORDERED that the Clerk of Court supplement the preliminary record as directed by the Tenth Circuit and in accordance with Tenth Circuit Rule 3.2(B).

DATED: January 16, 2026

BY THE COURT:

s/ Scott T. Varholak
Chief United States Magistrate Judge

ADD-20

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

---

TINA PETERS,

    Petitioner - Appellant,

v.

MOSES ANDRE STANCIL, in his official
capacity as the Executive Director of the
Colorado Department of Corrections, et al.,

    Respondents - Appellees.

No. 26-1000
(D.C. No. 1:25-CV-00425-STV)
(D. Colo.)

---

**ORDER**

---

On January 12, 2026, this court abated this proceeding and issued a limited

remand to allow the district court to consider in the first instance whether to issue a

certificate of appealability ("COA") authorizing appellant Tina Peters to appeal the

district court's dismissal of her application for writ of habeas corpus. [CTA10 Dkt. No. 5

(citing 28 U.S.C. § 2253(c)(1); *Morello v. Utah Bd. of Pardons*, 194 F. App'x 505, 505

n.1 (10th Cir 2006))].

This matter is now before the court on review and consideration of the district

court's order [DC Dkt. No. 99] in which it denied Ms. Peters a COA. Upon consideration

of the district court's order, this court lifts the abatement of this proceeding. The court

will set Ms. Peters' opening brief and appendix due once it receives notice from the

district court that the record is complete for purposes of this appeal.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk